UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAYLOR UNIVERSITY MEDICAL CENTER, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | MISCELLANEOUS NO. |
| VS. | ) ) | 3:06-MC-0103-G |
| GE GROUP LIFE ASSURANCE COMPANY, ET AL., | ) ) ) | **ECF** |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

Before the court are: (1) the application for appointment of arbitrator by Private Healthcare Systems, Inc. ("PHCS"); and (2) the cross-application for appointment of arbitrator by GE Group Life Assurance Company ("GEGLAC") and GE Group Administrators, Inc. ("GEGA") (collectively, "the GE entities"). For the reasons stated herein, the court appoints **Lourdes G. Baird** as arbitrator for the respondents.

I. BACKGROUND

This miscellaneous matter comes to the court on cross-applications for the appointment of an arbitrator. The underlying dispute stems from a contract claim between several entities of the Baylor University Medical Center ("Baylor") and PHCS. Baylor and PHCS entered into a health services agreement ("HSA"). According to Baylor, GEGLAC and GEGA accessed the PHCS network and took advantage of the discounted rates provided under the HSA.

The HSA contains a provision calling for arbitration to resolve any disputes arising under the agreement. *See* Excerpt of Health Services Agreement ("HSA") at 1-2 (emphasis added), *attached to* Private Healthcare System, Inc.'s Application for Appointment of Arbitrator ("PHCS Application") *as* Exhibit A. Furthermore, the HSA states that arbitration is to be performed by a three-member arbitration panel. See *id.* The HSA provided that "each Party" to the contract -- Baylor and PHCS -- would appoint a single arbitrator; those two arbitrators would then select a third. Though neither of the GE entities is a party to the HSA, both have consented to arbitration and to the jurisdiction of the American Arbitration Association ("the AAA"). *See* Letter from Andrew G. Jubinsky to Kathleen A. Gossett-Cantrell, May 26, 2006 ("May 26 Letter"), *attached to* PHCS Application *as* Exhibit F.

Following Baylor's written demand for arbitration, problems arose in selecting arbitrators. While before the AAA, all of the parties agreed that the terms of the HSA

should govern the selection of the arbitrators. The difficulty in applying the HSA provision is apparent on its face -- the HSA envisioned only a two party arbitration. The AAA resolved this dispute by finding that the term "each Party" within the HSA should be read as "each side." Accordingly, Baylor was to appoint one arbitrator and "jointly" PHCS, GEGLAC, and GEGA were to appoint one arbitrator by November 17, 2006. Baylor designated its arbitrator, Glen Ashworth. When if became apparent that PHCS, GEGLAC, and GEGA could not agree jointly on an arbitrator, PHCS filed its application for appointment with the court. The day before PHCS filed its application, the GE entities, without the consent of PHCS, named an arbitrator for the respondents, Kathy A. Steadman ("Steadman").

Oral arguments on these applications were heard on June 5, 2007. At that hearing, the GE entities argued, for the first time, that the HSA's arbitrator selection provision was inapplicable to them.

## II. ANALYSIS

The instant applications come to the court through its authority under 28 U.S.C. § 1332 and 9 U.S.C. § 5. Section 5 reads:

> If in the agreement provision be made for a method of
> naming or appointing an arbitrator or arbitrators or an
> umpire, such method shall be followed; but if no method
> be provided therein, or if a method be provided and any
> party thereto shall fail to avail himself of such method, or if
> for any other reason there shall be a lapse in the naming of
> an arbitrator or arbitrators or umpire, or in filling a
> vacancy, then upon the application of either party to the

> controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require . . .

9 U.S.C. § 5. When the parties to an arbitration clause select a method through which to select their arbitrators, the party chosen method cannot be set aside in favor of selection by the court unless: (1) one or more of the parties refuses to act under the terms of the agreement, see *In re Saloman Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 560 (2d Cir. 1995); *In re Louisiana Pacific Corporation*, 972 S.W.2d 63, 64-65 (Tex. 1998); (2) the parties reach an impasse in making their selection, see *Pacific Reinsurance Management Corporation v. Ohio Reinsurance Corporation*, 814 F.2d 1324, 1329 (9th Cir. 1987); or (3) the selection process suffers a "mechanical breakdown" rendering it unworkable, see *In re Saloman Inc. Shareholders' Derivative Litigation*, 68 F.3d at 560; *In re Louisiana Pacific Corporation*, 972 S.W.2d at 64-65.

Though this case comes to the court with an awkward procedural posture and constantly shifting positions of the parties, the resolution is simple. Because the respondents have consented to the authority of the AAA regarding the manner through which to select an arbitrator, the method announced by the AAA must be followed.[1] To the extent that the respondents failed to appoint an arbitrator in

---

[1] In the May 26 letter from the GE entities, GEGLAC and GEGA consented to the jurisdiction of the AAA and agreed that if the parties were unable to determine the method to select an arbitrator, the parties would submit the issue to the AAA. May 26 Letter ¶¶ 1, 3. After the parties unsuccessful attempt to determine how to select the arbitrators, the parties filed position statements with the AAA on

(continued...)

compliance with the AAA's order, the court has the authority to make such an appointment under 9 U.S.C. § 5.

Whether the HSA's arbitrator selection process is applicable in the instant demand for arbitration, as is now alleged by the GE entities, is irrelevant to the resolution of this matter.[2]  GEGLAC and GEGA consented to having the AAA resolve this issue and presently find themselves unable to comply with the order to jointly appoint an arbitrator.  Thus, the authority of this court under 9 U.S.C. § 5 is triggered.  Under such statutory authority, the court finds it has the power to appoint an arbitrator for the respondents in this case.

### III.  CONCLUSION

Accordingly, the court appoints **Lourdes G. Baird, 707 Wilshire Boulevard, 46th Floor, Los Angeles, California  90017 (213.253.9712, FAX 213.620.0100; EMAIL:  lbaird@jamsadr.com)** as arbitrator for the respondents PHCS, GEGLAC, and GEGA.

---

[1](...continued)
the issue of appointment of arbitrators.  The AAA determined that GEGLAC, GEGA, and PHCS were to jointly appoint an arbitrator.

[2]     In the alternative, however, to the extent that the arbitrator selection provision of the HSA is applicable to the GE entities, the court finds that the HSA selection process has suffered a mechanical breakdown.  Thus, on this alternative ground, the court similarly applies its authority under 9 U.S.C. § 5 to appoint an arbitrator for the respondents.

**SO ORDERED**.

June 12, 2007.

_____
A. JOE FISH
CHIEF JUDGE